# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RODNEY JAMES PALMER, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:16-cv-987 <br><br> Judge Robert J. Shelby |

Rodney Palmer pled guilty in 2013 to one count of producing child pornography. He was subsequently sentenced to seventeen and a half years in federal custody. Palmer has now filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing his attorney provided ineffective assistance and the court lacked jurisdiction to sentence him. For the reasons below, the motion is denied.[1]

## BACKGROUND

Palmer was indicted in 2012 on one count of Production of Child Pornography under 18 U.S.C. § 2251(a) and one count of Possession of Child Pornography under § 2252A(a)(5)(B). He subsequently entered into a plea agreement under which he pled guilty to the production count and the possession count was dismissed. As part of the agreement, Palmer waived his right to challenge his sentence on direct appeal or collateral review.

---

[1] Section 2255 requires that the court hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). The court finds that the record in this case conclusively shows that Palmer is not entitled to relief, and therefore declines to hold a hearing.

A few months after entering his plea, Palmer moved to withdraw the plea on the basis that his attorneys coerced him into accepting the plea deal. The court held an evidentiary hearing and concluded Palmer's plea was knowing and voluntary, and was made with effective assistance of counsel.[2] The court subsequently sentenced Palmer to 210 months in custody.[3] Palmer appealed the denial of his motion to withdraw the plea, and the Tenth Circuit affirmed.[4]

Palmer has now filed a timely Motion to Vacate his Sentence under 28 U.S.C § 2255.[5] He argues his sentence should be vacated because: (1) he received ineffective assistance of counsel; and (2) the court lacks jurisdiction because he is a sovereign citizen and is not subject to federal law. The court did not request a response from the government, and none has been filed.

**ANALYSIS**

Section 2255 provides federal prisoners with an avenue for relief based on defects in the prisoner's underlying judgment.[6] The standard of review under § 2255 is quite stringent. The court must presume that the challenged conviction is valid.[7] The defendant carries the burden of demonstrating otherwise by pointing to: (1) lack of jurisdiction by the court entering judgment; (2) an error of constitutional magnitude; (3) a sentence imposed beyond statutory limits; or (4) an error of law or fact that constitutes a "complete miscarriage of justice."[8]

---

[2] Case No. 2:12-cr-663, Dkts. 82, 88.

[3] *Id.*, Dkt. 93.

[4] *Id.*, Dkt. 115.

[5] Case No. 2:16-cv-987, Dkt. 1. A Motion under § 2255 must be filed within one year of the date on which the judgment of conviction becomes final. § 2255(f). Palmer's judgment became final when the Tenth Circuit affirmed the trial court's order on October 27, 2015, and Palmer filed his § 2255 Motion on September 22, 2016.

[6] 28 U.S.C. § 2255(b).

[7] *United States v. Frady*, 456 U.S. 152, 164 (1982).

[8] *See United States v. Addonizio*, 442 U.S. 178, 185 (1979).

## I. Ineffective Assistance of Counsel

Palmer's first argument is that his sentence should be vacated because he received ineffective assistance of counsel. Before turning to the merits, the court must determine whether this argument was waived. As part of his plea agreement, Palmer waived his right to challenge his sentence in any appellate proceedings, including in a § 2255 motion. An appellate waiver in a plea agreement is generally enforceable and will bar appellate review if: (1) the issue raised falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his rights; and (3) the waiver will not result in a miscarriage of justice.[9]

With regard to the scope of the waiver, Palmer's agreement expressly permits him to bring an ineffective assistance claim, but only one related to "counsel's ineffective assistance *in negotiating or entering th[e] plea*."[10] Palmer's ineffective assistance argument, which consists of one sentence, alleges ineffective assistance in investigating "possible defenses that could have been raised," not in negotiating his plea. Thus, this argument falls within the scope of Palmer's appeal waiver.

As to the second element, the court has already found that Palmer knowingly and voluntarily waived his right to appeal.[11] And on the third element, the court finds that waiver of this appellate issue will not result in a miscarriage of justice; the court has already concluded that Palmer received effective assistance negotiating his plea,[12] and Palmer provides no support for the argument that his attorney "fail[ed] to look into possible defenses that could have been

---

[9] *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).
[10] Case No. 2:12-cr-663, Dkt. 51 (emphasis added).
[11] *Id.*, Dkt. 106 at 11, 40.
[12] *Id.* at 36.

raised," nor does he argue that leaving this alleged failure unaddressed would result in a miscarriage of justice.[13] Thus, Palmer's ineffective assistance argument is waived, and does not provide a basis for vacating Palmer's sentence.

## II. The Sovereign Citizen Argument

Palmer next argues that the court was without jurisdiction to enter judgment against him or sentence him because he is a sovereign citizen of the state of California to whom the laws of the United States do not apply. As with the ineffective assistance argument, the appellate waiver in Palmer's plea agreement bars collateral review of this argument if it falls within the scope of the waiver and if waiver would not result in a miscarriage of justice.[14]

The argument that Palmer is not subject to federal law falls within the scope of the appeal waiver, which excludes only a limited set of issues not relevant to Palmer's sovereignty argument. But if Palmer's argument is correct—that is, if the court was without jurisdiction to enter judgment and sentence Palmer—then appellate waiver of this argument likely would result in a miscarriage of justice. Thus, the waiver likely does not bar Palmer from arguing this issue on collateral review, and the court will address it on the merits.[15]

On the merits, however, Palmer's claim fails. He cites no authority for the proposition that he is immune from the laws of the United States because he is a "sovereign citizen," nor has

---

[13] Case No. 2:16-cv-987, Dkt. 1 at 3.

[14] *Hahn*, 359 F.3d at 1325. As discussed, the court previously concluded that the second factor, knowing and voluntary waiver of rights, was met.

[15] Palmer also faces an additional procedural hurdle: he was required to raise this issue on direct appeal, and he did not. *See United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). In other words, the argument is procedurally barred. One way to get around procedural bar, however, is to show a fundamental miscarriage of justice if the claim is not considered. *Id.* Palmer has not expressly argued that his procedural bar should be excused on this basis, but because the court already concluded that sentencing a defendant over which it had no jurisdiction likely would constitute a miscarriage of justice, it will address Palmer's claim on the merits.

4

the court found any. And for good reason: this "shop worn" argument has been repeatedly rejected by courts as "wholly frivolous."[16] The notion that a defendant can exempt himself from federal law by declaring himself a sovereign has "no conceivable validity in American law," and does not provide a basis to vacate Palmer's sentence.[17]

### III. Palmer's Other Pending Motions

After filing his § 2255 Motion, Palmer filed several other motions, including a Motion for Default Judgment, Motion for Summary Judgment, Motion for Entry of Judgment, and Motion for Entry of Default, among others.[18] These motions all rely on the premise that the government is in default because it did not respond to Palmer's § 2255 Motion. But as Palmer recognizes, under Rule 5(a) of the Rules Governing § 2255 Proceedings, the government need not answer a § 2255 motion unless a court so orders. The court did not order a response in this case. Thus, the government is not in default.

Palmer also argues, alternatively, that the government is in default because it did not respond to the "Certified Demand for Proof of Jurisdiction" that Palmer mailed to the government before initiating these proceedings. Palmer apparently believes the government is obliged to respond to this mailing based on his "Constitutional Right to Petition the Government for the Redress of Grievances" found in the First Amendment to the Constitution.[19] Palmer is mistaken. The "Petition Clause protects the right of individuals to appeal to courts and other

---

[16] *See United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993); *Waldorf v. Dayton et al.*, No. CV 17-107 (JRT/LIB), 2017 WL 1134578, at *2 (D. Minn. Mar. 27, 2017) (collecting cases); *Akbar v. Clarke*, No. 1:15cv338 (AJT/TCB), 2016 WL 4150456, at *7 (E.D. Va. Aug. 1, 2016) (collecting cases).

[17] *See United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014).

[18] *See* Case No. 2:16-cv-987, Dkts. 4–7, 9–10.

[19] *See id.*, Dkt. 1 at 4.

forums established by the government for resolution of legal disputes."[20] In other words, the First Amendment mandates that Palmer have access to the courts, not that the government respond to his extrajudicial "Demand for Proof of Jurisdiction." The government's decision not to respond to that correspondence has no bearing on the proceedings in this case, and is not grounds for a default judgment.

## CONCLUSION

The court declines to vacate Palmer's sentence. His ineffective assistance claim is barred by the appellate waiver in his plea agreement, and his sovereignty claim is frivolous. Palmer's § 2255 Motion is denied.[21] And because the government was not required to respond either to Palmer's § 2255 Motion or his extrajudicial "Demand for Proof of Jurisdiction," Palmer's various motions for a default judgment are also denied.[22]

The clerk is directed to close the case.

**SO ORDERED** this 27th day of April, 2017.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[20] *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 387 (2011).

[21] Case No. 2:16-cv-987, Dkt. 1.

[22] *Id.*, Dkts. 4–7, 9–10. Palmer's motion to expedite review of his § 2255 Motion (Dkt. 2) is denied as moot. Palmer's motion for the court to send copies of his case materials and materials related to judicial conduct (Dkt. 8) is granted. The clerk is directed to send Palmer copies of the docket entries in his case and a copy of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, available at http://www.uscourts.gov/sites/default/files/guide-vol02e-ch03.pdf.